## MAGEE *v.* STATE.

(Division B.   March 29, 1937.)

[173 So. 299.   No. 32574.]

**R. B. Reeves,** of McComb, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, W. O. Magee, was tried and convicted in the circuit court of Pike county on an indictment

charging him with the unlawful possession of the integral parts of a still, and sentenced to serve a term of two years in the penitentiary, from which he prosecutes this appeal.

Appellant was arrested by a constable and a deputy sheriff of the county. Just prior to his arrest, appellant had picked up a shovel, a bucket, and another container. At the suggestion of either appellant or the deputy sheriff, the appellant assembled the still and lighted the fire under it, and made a small "run" of whisky.

It appears from the testimony of the deputy sheriff that, on the day preceding the arrest, he had discovered the still set up with the mash ready to run; waited a short while, then left, and returned the following morning and found that the liquor had been cooked, with the exception of a small portion in a barrel, and the still had been dismantled. The deputy sheriff concealed himself, the appellant came up, and as stated above, assembled the still, and was then arrested. The appellant, at the time, stated that it was not his still, as he had sold it to one Martin. He declined, however, to state who operated it, saying to the deputy sheriff who had suggested that, if the appellant was not guilty he should not "take the rap," he would not tell who operated the still. The deputy sheriff also testified that he could not assemble a still, and that at his suggestion, or that of Magee, the still was assembled by Magee who placed mud at some points to prevent the escape of steam, thus showing his familiarity with the assembling of stills.

The appellant testified that he assembled the still and lighted the fire under it at the request of the deputy sheriff, because he (appellant) was under arrest.

Thereafter, Magee and the deputy sheriff came to the home of one McDaniel, who inquired as to the matter, and Magee stated they had caught him in the act. Mc-Daniel then stated to Magee that he should not "take the

rap'' if he did not own the still, and should tell who the guilty party was. Magee stated that they had caught him, but they would have a time catching the other party.

The deputy sheriff also testified that there were two trails, or paths, from the still, one leading to the premises of Magee, and the other to the premises of a man named Martin. It appears that Martin was arrested, but it does not appear what became of his case. The still was on land owned by the father of Magee, but he lived on the place also, and his explanation as to why he was at the scene of the still was that he was blazing a roadway for the hauling of logs.

The two main contentions relied upon are: (1) That the evidence was improperly admitted as to Magee's assembling of the still, and his statements, because he was under arrest; and (2) that the evidence is insufficient to sustain a conviction.

In our opinion, there is nothing that makes the evidence inadmissible. There were no threats nor promise of reward. It is true that the deputy sheriff stated that if the still was lighted up perhaps the owner would come to it, and the fire was lighted, and the still assembled, for the purpose of inducing the third party to appear. This, however, does not render illegal the admission of testimony showing Magee's acts and statements.

We are also of the opinion that the evidence is ample to sustain the conviction.

There are several assignments of error pertaining to instructions which we do not deem necessary to discuss.

There is no reversible error shown in the giving or refusing of these instructions, consequently the judgment of the court below will be affirmed.

Affirmed.